ROB BONTA
Attorney General of California
LARA HADDAD
R. MATTHEW WISE
Supervising Deputy Attorneys General
NANDING CHEN (SBN 348808)
JOE MEEKER (SBN 336725)
S. CLINTON WOODS (SBN 246054)
CAROLYN DOWNS (SBN 353455)
Deputy Attorneys General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
Telephone: (213) 269-6720
Fax: (916) 731-2124
E-mail: Carolyn.Downs@doj.ca.gov
*Attorneys for Plaintiff State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA,**<br><br>Plaintiff,<br><br>**v.**<br><br>**UNITED STATES NATIONAL ARCHIVES AND RECORDS ADMINISTRATION; BRADFORD WILSON, in his official capacity as Archivist of the United States,**<br><br>Defendants. | 5:26-cv-11868-NW<br><br>**DECLARATION OF CAROLYN DOWNS IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION OR STAY** |

## DECLARATION OF CAROLYN DOWNS

I, Carolyn Downs, declare as follows:

1. I am a Deputy Attorney General in the Office of the Attorney General of California and one of the attorneys responsible for representing the State of California in the above-captioned action. I offer this declaration in support of the Motion for Preliminary Injunction or Stay filed by the State of California. I have personal knowledge of the facts stated herein and could competently testify thereto if called upon to do so.

2. A true and correct copy of a letter from United States Representative Kevin Mullin to Ed Forst, Acting Archivist of the United States, and Bradford Wilson, Archivist of the United States, dated August 19, 2026, is attached here as **Exhibit A**.

3. A true and correct copy of a letter from the National Archives and Records Administration Chief Operating Officer Jay Trainer to United States Representative Kevin Mullin, dated October 5, 2026, is attached here as **Exhibit B.**

4. A true and correct copy of emails between Jeremy Chu, an Assistant United States Attorney representing Defendants in this matter, and Plaintiff's counsel beginning October 27, 2026, to November 10, 2026, is attached here as **Exhibit C.**

5. On October 27, 2026, I met and conferred with Defendants' counsel, Mr. Chu, via telephone about a potential agreement between the parties to avoid a motion for preliminary injunction whereby Defendants would agree to delay the transfer of archival records from the National Archives at San Francisco until the resolution of a preliminary injunction motion or until resolution of litigation.

6. On November 3, 2026, Mr. Chu informed me via email that Defendant NARA would agree to refrain from moving any archival records from the National Archives at San Francisco until the resolution of this lawsuit. Mr. Chu stated that Defendant NARA would still move forward with transferring temporary records housed at the San Bruno facility as soon as December 2026.

7. On November 5, 2026, after discussions with the affected state agencies and stakeholders, I informed Mr. Chu that Plaintiff agreed to forego a preliminary injunction motion

in exchange for NARA agreeing to not move any permanent records out of the San Bruno facility until litigation is resolved, with the understanding that NARA would not move any temporary records out of the facility until at least December 2026.

8. One business day later, on November 9, 2026, Mr. Chu informed me via email that after further deliberation, NARA would no longer agree to refrain from transferring archival records until the resolution of the lawsuit and instead would only agree to delay transfer until February 28, 2027.

9. That same day, I conferred with Mr. Chu via telephone and informed him that Plaintiff would agree not to file a preliminary injunction motion and would instead negotiate a merits briefing schedule with NARA if NARA agreed to not transfer any archival records at least until the Court issues a decision on the merits briefing.

10. On November 10, 2026, Mr. Chu informed me via email that NARA will no longer commit to delaying the transfer of archival records beyond February 2027.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on November 12, 2026, in Los Angeles, California

Carolyn Downs

Carolyn Downs

# EXHIBIT A

# Congress of the United States

Washington, DC 20515

August 19, 2026

Ed Forst
Acting Archivist of the United States
U.S. National Archives and Records Administration
700 Pennsylvania Ave. NW
Washington, D.C. 20408

Bradford Wilson
Archivist of the United States Designate
U.S. National Archives and Records Administration
700 Pennsylvania Ave. NW
Washington, D.C. 20408

Dear Mr. Forst and Mr. Wilson,

We write to express our concerns about the pending closure of the National Archives at San Francisco, the National Archives and Records Administration (NARA) Federal Records Center and archives facility in San Bruno, California. This facility holds immigration, naval, geological and tribal records, from as far back as the 1850s, that are integral to stakeholders in our congressional districts, including families, researchers, and tribal members. The records cover not only California but also Nevada, Hawai'i, Guam, American Samoa, Navy bases in the Pacific, and the former Trust Territory of the Pacific Islands. While we appreciate the need to reevaluate NARA operations as records are digitized and infrastructure ages, we believe closing this facility would be a mistake and we urge NARA to reconsider this decision.

This facility is not simply a repository of records. For so many of our constituents, it holds the story of their family's history. It's a place where they go to trace the story of their family's immigration journey or their family's military service. According to the National Archives at San Francisco, each year the facility sees on average 500 researchers using 3,000 original records in their research room, and the staff answer an average of nearly 2,000 off-site written reference requests. In Fiscal Year 2025, the facility had the fourth most used research room in the Field Division and had the fifth largest volume of off-site reference requests.

While we appreciate the need to better utilize government facilities, we are not yet clear about what the potential cost savings might be from closing the San Bruno facility, and whether they are worth the significant negative impacts that will result from doing so. We would like to understand how much the current facility costs to operate, whether there are any other lower-cost alternatives in the region, and how much it would cost to transport the records. We also have concerns about whether the required administrative procedure was followed in making this decision.

The pending closure of this facility and moving records to six different facilities across the country will create an undue burden on public access. Many of the immigration documents housed at the facility are one-of-a-kind records from the era when the Chinese Exclusion Act was in effect and are a vital part of our region's history, holding significant meaning to many of

the constituents and families we represent. One concern we have with a potential move is the locations at which these files end up may not be familiar with the immigration patterns that are unique to our region, making it more difficult to trace family records and serve the public. The facility also contains documents related to the incarceration of Japanese Americans during World War II, including the Alien Enemy files. Access to these records has allowed descendants to learn directly about their family members' experiences, enabling them to engage with American history in a deeply personal way. Our constituents will also have to travel greater distances and at great cost to access these records. This would be in direct opposition to NARA's mission: "[T]o provide public access to Federal Government records in our custody and control. Public access to government records strengthens democracy by allowing Americans to claim their rights of citizenship, hold their government accountable, and understand their history so they can participate more effectively in their government."

We also have concerns about the proposed 2-3-year timeline for the facility's closure. With over 100,000 cubic feet of permanent records, we do not believe 2-3 years will be sufficient to handle the move with the care and consideration needed. Given the historical significance of some of the documents housed at the facility, we are also concerned with how the most sensitive documents will be handled, cared for, and transported. Some of these documents date back to the late 1880s and are not easily moved without putting them at risk of damage, loss or destruction. The closure also calls into question what happens to the agreement between the United States Citizenship and Immigration Service and NARA in 2009 that would keep immigration records housed at the San Bruno archives on site when they were to be transferred to NARA.[1]

Finally, we are concerned about the impact the facility's closure would have on current staff that have served our constituents in accessing historical materials for many years. Specifically, we are concerned by the lack of information they have received or evidence of a plan to support them. We would also like to understand whether there will be opportunities for them to transfer.

The closure of this facility will place an undue burden on public access, expose one-of-a-kind documents to potential loss or destruction, and potentially leave dedicated public servants without a job in the communities they have served for many years. For these reasons, we respectfully urge NARA to reconsider the closure of the NARA Federal Records Center and archives facility in San Bruno, and **request a response that addresses the concerns we have raised above by September 18, 2026**.

Sincerely,

---

[1] U.S. National Archives and Records Administration, "Alien Files (A-Files)," last accessed July 30, 2026, https://www.archives.gov/research/immigration/aliens.

Kevin Mullin
Member of Congress

Judy Chu
Member of Congress

Adam B. Schiff
United States Senator

Alex Padilla
United States Senator

Nancy Pelosi
Member of Congress

Jill Tokuda
Member of Congress

Grace Meng
Member of Congress

Lateefah Simon
Member of Congress

MARK TAKANO
Member of Congress

John Garamendi
Member of Congress

Doris Matsui
Member of Congress

Jimmy Panetta
Member of Congress

Ro Khanna
Member of Congress

Mike Thompson
Member of Congress

Brad Sherman
Member of Congress

Shri Thanedar
Member of Congress

Mark DeSaulnier
Member of Congress

Mazie K. Hirono
United States Senator

Jimmy Gomez
Member of Congress

Norma J. Torres
Member of Congress

Mark E. Amodei
Member of Congress

Dave Min
Member of Congress

Steven Horsford
Member of Congress
Nevada's Fourth
Congressional District

Catherine Cortez Masto
United States Senator

Dina Titus
Member of Congress

Julia Brownley
Member of Congress

Jacky Rosen
United States Senator

Laura Friedman
Member of Congress

Ami Bera, M.D.
Member of Congress

Mike Quigley
Member of Congress

Jared Huffman
Member of Congress

Susie Lee
Member of Congress

Tammy Duckworth
United States Senator

Ed Case
Member of Congress

Maxine Waters
Member of Congress

Jesús G. "Chuy" García
Member of Congress

Sam T. Liccardo
Member of Congress

# EXHIBIT B

NATIONAL ARCHIVES

October 5, 2026

The Honorable Kevin Mullin
U.S. House of Representatives
1404 Longworth House Office Building
Washington, D.C. 20515

Dear Representative Mullin,

Thank you for your letter of August 19, 2026 regarding the planned closure of the National Archives and Records Administration's facility in San Bruno, CA. The National Archives and Records Administration (NARA) appreciates your attention to this important topic. I have briefed the Archivist of the United States on your inquiry and am writing as the NARA official who is overseeing the facility closures in my role as Chief Operating Officer.

Since 1950, our facilities existed largely to ingest textual records from all three branches of the Federal government. Over time, the government records and access has become increasingly digital and online. NARA began adapting to this evolving environment as early as a decade ago with the closure of archival facilities in Alaska and Massachusetts as well as down-sizing archival facilities in Pennsylvania and Texas. With the issuance of OMB memoranda M-19-21 and M-23-07, which squarely impacts our Federal Records Centers Program, our pace of change has accelerated with five closures completed since 2022.

These closures address the growing volume of underutilized space resulting from the federal government's transition to electronic recordkeeping. Pursuant to OMB Memorandum M-23-07, NARA ceased accepting analog record transfers into the FRC Program on June 30, 2024. As the FRC Program operates on a reimbursable basis, the decline in paper record storage necessitates a reduction in NARA's real property footprint.

The San Bruno facility is owned by the General Services Administration and NARA currently occupies the facility for our National Archives at San Francisco and San Bruno Federal Records Center records and staff. The facility is one of the oldest and most expensive in our portfolio and its storage footprint is underutilized. Once the facility is vacated, NARA expects to save in excess of $4.7 million annually. Vacating the facility will also lead to annual ancillary savings in personnel and operating costs for NARA and cost avoidance for repairs and systems replacement outlays by GSA. NARA's facilities in Southern California are not sized to absorb the San Francisco operations.

Regarding your concerns about access to immigration records, NARA currently plans to relocate the immigration records from the San Francisco facility to our Kansas City operations. NARA operates five facilities in the Kansas City area, which has the largest concentration of immigration holdings and is well versed in handling immigration-related reference. We operate a research room in Kansas City and also handle off-site written reference requests, which as cited in your letter is currently four times higher than on-site reference for the San Francisco holdings. In addition, we have a long-standing relationship with the U.S. Citizenship and Immigration Service (USCIS), which has consolidated their own holdings at their USCIS National Records Center in the Kansas City metropolitan area.

Based on past experiences with record moves, we are confident that the two to three year move timeline is adequate and will ensure protection of the records during physical moves. This timeline was principally selected to allow NARA to continue to meet daily workload requirements for our Federal agency customers and researchers while absorbing added move related activities at San Francisco as well as the receiving locations. While our attention is heightened anytime a record is not in its assigned storage location, we have very strong and tested move procedures. This is evidenced by the fact that NARA has, without incident, closed five other locations since 2022. While we value all records entrusted to us, the recent closures have involved moving records and artifacts for former President Obama, veterans claim folders, and Immigration A-files.

At this time, we are unable to answer your inquiries regarding the staff assigned to our San Francisco location. The majority of staff are bargaining unit employees, and as is required, NARA has engaged in impact and implementation bargaining with American Federation of Government Employees Council 260. We do not yet have a signed Memorandum of Understanding and to comment would undermine the integrity of bargaining. When NARA announced the pending closure to staff in June 2026, NARA managers committed to on-site engagement with the staff once bargaining was completed. We fully intend to fulfill that commitment to our staff.

As was previously shared with Congress in June 2026 and at subsequent engagements with Congressional offices and committees, this decision has not been made lightly, but it is necessary in order for NARA to maintain its core mission and adapt to the changing landscape of digital records. We appreciate your inquiry and continued support of NARA and its mission.

Sincerely,

Jay Trainer
Chief Operating Officer
National Archives and Records Administration

cc:
The Honorable Catherine Cortez Masto
The Honorable Tammy Duckworth
The Honorable Mazie K. Hirono
The Honorable Alex Padilla
The Honorable Jacky Rosen
The Honorable Adam B. Schiff

The Honorable Mark E. Amodei
The Honorable Ami Bera, M.D.
The Honorable Julia Brownley
The Honorable Ed Case
The Honorable Judy Chu
The Honorable Mark DeSaulnier
The Honorable Laura Friedman
The Honorable John Garamendi
The Honorable Jesús G. "Chuy" García
The Honorable Jimmy Gomez
The Honorable Steven Horsford
The Honorable Jared Huffman
The Honorable Ro Khanna
The Honorable Susie Lee
The Honorable Sam T. Liccardo
The Honorable Doris Matsui
The Honorable Grace Meng
The Honorable Dave Min
The Honorable Jimmy Panetta
The Honorable Nancy Pelosi
The Honorable Mike Quigley
The Honorable Brad Sherman
The Honorable Lateefah Simon
The Honorable Mark Takano
The Honorable Shri Thanedar
The Honorable Mike Thompson
The Honorable Dina Titus
The Honorable Jill Tokuda
The Honorable Norma J. Torres
The Honorable Maxine Waters

# EXHIBIT C

**From:** Chu, Jeremy (USACAN)
**To:** Carolyn Downs
**Cc:** Matthew Wise; Lara Haddad; Clint Woods; Joe Meeker; Nanding Chen
**Subject:** RE: California v. National Archives and Records Administration, 3:26-cv-11868
**Date:** Tuesday, November 10, 2026 9:48:21 AM

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Good morning Carolyn,

While NARA is willing to commit to holding the transfer until February 2027, it cannot commit to delaying the transfer of archival records further, because delay beyond February will likely negatively impact NARA and its operations.

I understand that, under these circumstances, Plaintiff plans to file a motion for preliminary injunction. I'd be happy to confer on a hearing date for any such motion. I'm available today after 3:30pm PT if you'd like to discuss over a call.

Best,
Jeremy

*Nag Young Chu*
*Assistant United States Attorney*
*United States Attorney's Office*
*Northern District of California*
*Tel: (415) 436-7478*
*Jeremy.Chu@usdoj.gov*

**From:** Carolyn Downs <Carolyn.Downs@doj.ca.gov>
**Sent:** Monday, November 9, 2026 1:55 PM
**To:** Chu, Jeremy (USACAN) <Jeremy.Chu@usdoj.gov>
**Cc:** Matthew Wise <Matthew.Wise@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; Clint Woods <Clint.Woods@doj.ca.gov>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Nanding Chen <Nanding.Chen@doj.ca.gov>
**Subject:** [EXTERNAL] RE: California v. National Archives and Records Administration, 3:26-cv-11868

Hi Jeremy,

Thank you for confirming. I'll keep an eye out about NARA's response and if easier, please feel free to call me if you need. Appreciate your time and efforts.

Thanks,

Carolyn

---

**From:** Chu, Jeremy (USACAN) <Jeremy.Chu@usdoj.gov>
**Sent:** Monday, November 9, 2026 1:53 PM
**To:** Carolyn Downs <Carolyn.Downs@doj.ca.gov>
**Cc:** Matthew Wise <Matthew.Wise@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; Clint Woods <Clint.Woods@doj.ca.gov>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Nanding Chen <Nanding.Chen@doj.ca.gov>
**Subject:** RE: California v. National Archives and Records Administration, 3:26-cv-11868

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Hi Carolyn,

As discussed today, I've relayed to NARA Plaintiff's position regarding the agency's new proposal and regarding discovery. I've also asked whether the agency is willing to make a new proposed timeline, in light of Plaintiff's position. I will get back to you as soon as I can.

Sincerely,
Jeremy

*Nag Young Chu*
*Assistant United States Attorney*
*United States Attorney's Office*
*Northern District of California*
*Tel: (415) 436-7478*
*Jeremy.Chu@usdoj.gov*

---

**From:** Carolyn Downs <Carolyn.Downs@doj.ca.gov>
**Sent:** Monday, November 9, 2026 12:39 PM
**To:** Chu, Jeremy (USACAN) <Jeremy.Chu@usdoj.gov>
**Cc:** Matthew Wise <Matthew.Wise@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; Clint Woods <Clint.Woods@doj.ca.gov>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Nanding Chen <Nanding.Chen@doj.ca.gov>
**Subject:** [EXTERNAL] RE: California v. National Archives and Records Administration, 3:26-cv-11868

Hi Jeremy,

Are you available in a few minutes for a call?

Carolyn

**From:** Chu, Jeremy (USACAN) <Jeremy.Chu@usdoj.gov>
**Sent:** Monday, November 9, 2026 10:47 AM
**To:** Carolyn Downs <Carolyn.Downs@doj.ca.gov>
**Cc:** Matthew Wise <Matthew.Wise@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; Clint Woods <Clint.Woods@doj.ca.gov>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Nanding Chen <Nanding.Chen@doj.ca.gov>
**Subject:** RE: California v. National Archives and Records Administration, 3:26-cv-11868

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Good morning Carolyn,

NARA deliberated further about its planned transfer of records from the San Bruno facility, and, while it will agree to delay moving any records at this time, it is concerned about an open-ended delay in the transfer that hinges on the resolution of this litigation. As a result, the agency now proposes that it can agree to delaying the transfer of archival records from the San Bruno facility until February 28, 2027 (the previous agreed-upon timeline for temporary records remains the same). NARA believes that this provides sufficient assurance to Plaintiff that it will not be subject to any imminent harm absent preliminary relief, and protect NARA's goal of executing the transfer. Given this proposal, NARA is open to discussing a merits briefing schedule, if Plaintiff can agree to the February timeline.

Also, NARA believes that this case can be resolved on the administrative record, without additional discovery. Can Plaintiff provide its position on that as well, please?

Thank you,
Jeremy

*Nag Young Chu*
*Assistant United States Attorney*
*United States Attorney's Office*
*Northern District of California*
*Tel: (415) 436-7478*
*Jeremy.Chu@usdoj.gov*

**From:** Chu, Jeremy (USACAN)
**Sent:** Thursday, November 5, 2026 4:15 PM
**To:** 'Carolyn Downs' <Carolyn.Downs@doj.ca.gov>
**Cc:** Matthew Wise <Matthew.Wise@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; Clint

Woods <Clint.Woods@doj.ca.gov>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Nanding Chen <Nanding.Chen@doj.ca.gov>
**Subject:** RE: California v. National Archives and Records Administration, 3:26-cv-11868

Thank you for the confirmation, Carolyn

I will confer with the agency on the suggested online update and get back to you.

Best,
Jeremy

*Nag Young Chu*
*Assistant United States Attorney*
*United States Attorney's Office*
*Northern District of California*
*Tel: (415) 436-7478*
*Jeremy.Chu@usdoj.gov*

---

**From:** Carolyn Downs <Carolyn.Downs@doj.ca.gov>
**Sent:** Thursday, November 5, 2026 3:45 PM
**To:** Chu, Jeremy (USACAN) <Jeremy.Chu@usdoj.gov>
**Cc:** Matthew Wise <Matthew.Wise@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; Clint Woods <Clint.Woods@doj.ca.gov>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Nanding Chen <Nanding.Chen@doj.ca.gov>
**Subject:** [EXTERNAL] RE: California v. National Archives and Records Administration, 3:26-cv-11868

Hi Jeremy,

Thank you for your time today. This email is to confirm that the parties agree that in exchange for California foregoing a preliminary injunction motion, NARA agrees to not move any permanent records out of the San Bruno facility until litigation is resolved, and that NARA agrees to not move any temporary records out of the facility until at least December.

After you have spoken to the agency, could you let us know whether NARA will post an update to their website re: not moving the permanent records during litigation?

Thanks again,

Carolyn

---

**From:** Chu, Jeremy (USACAN) <Jeremy.Chu@usdoj.gov>
**Sent:** Wednesday, November 4, 2026 3:37 PM
**To:** Carolyn Downs <Carolyn.Downs@doj.ca.gov>

**Cc:** Matthew Wise <Matthew.Wise@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; Clint Woods <Clint.Woods@doj.ca.gov>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Nanding Chen <Nanding.Chen@doj.ca.gov>
**Subject:** RE: California v. National Archives and Records Administration, 3:26-cv-11868

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Sure Carolyn,

I should be free tomorrow at 3pm.

Best,
Jeremy

*Nag Young Chu*
*Assistant United States Attorney*
*United States Attorney's Office*
*Northern District of California*
*Tel: (415) 436-7478*
*Jeremy.Chu@usdoj.gov*

---

**From:** Carolyn Downs <Carolyn.Downs@doj.ca.gov>
**Sent:** Wednesday, November 4, 2026 3:33 PM
**To:** Chu, Jeremy (USACAN) <Jeremy.Chu@usdoj.gov>
**Cc:** Matthew Wise <Matthew.Wise@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; Clint Woods <Clint.Woods@doj.ca.gov>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Nanding Chen <Nanding.Chen@doj.ca.gov>
**Subject:** [EXTERNAL] RE: California v. National Archives and Records Administration, 3:26-cv-11868

Hi Jeremy,

Thanks for your patience. Do you have time tomorrow for a call to discuss this further? I am available anytime before 1:30 and after 3.

Thanks,

Carolyn

---

**From:** Chu, Jeremy (USACAN) <Jeremy.Chu@usdoj.gov>
**Sent:** Tuesday, November 3, 2026 8:32 AM
**To:** Carolyn Downs <Carolyn.Downs@doj.ca.gov>
**Cc:** Matthew Wise <Matthew.Wise@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; Clint

Woods <Clint.Woods@doj.ca.gov>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Nanding Chen <Nanding.Chen@doj.ca.gov>
**Subject:** RE: California v. National Archives and Records Administration, 3:26-cv-11868

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Good morning,

NARA has confirmed that it will not relocate any archival records from the San Bruno facility at this time and will wait until the resolution of this lawsuit before doing so. With respect to temporary records from other federal agencies that are maintained by NARA, which have varying expiration schedules and are not intended to be maintained permanently, NARA will not begin moving those records until at least December.

With those assurances, would Plaintiff be willing to hold off on the motion for preliminary injunction at this time?

I'd be happy to discuss this further over a call if needed. I look forward to hearing your thoughts.

Best,
Jeremy

*Nag Young Chu*
*Assistant United States Attorney*
*United States Attorney's Office*
*Northern District of California*
*Tel: (415) 436-7478*
*Jeremy.Chu@usdoj.gov*

---

**From:** Chu, Jeremy (USACAN) <Jeremy.Chu@usdoj.gov>
**Sent:** Friday, October 30, 2026 12:44 PM
**To:** Carolyn Downs <Carolyn.Downs@doj.ca.gov>
**Cc:** Matthew Wise <Matthew.Wise@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; Clint Woods <Clint.Woods@doj.ca.gov>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Nanding Chen <Nanding.Chen@doj.ca.gov>
**Subject:** Re: California v. National Archives and Records Administration, 3:26-cv-11868

Thank you, Carolyn. We will provide a response as soon as possible. I hope you all have a wonderful weekend.

Sincerely,
Jeremy

*Nag Young Chu*
*Assistant United States Attorney*
*United States Attorney's Office*
*Northern District of California*
*Tel: (415) 436-7478*
*Jeremy.Chu@usdoj.gov*

---

**From:** Carolyn Downs <Carolyn.Downs@doj.ca.gov>
**Sent:** Friday, 30 October 2026 12:32:40
**To:** Chu, Jeremy (USACAN) <Jeremy.Chu@usdoj.gov>
**Cc:** Matthew Wise <Matthew.Wise@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; Clint Woods <Clint.Woods@doj.ca.gov>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Nanding Chen <Nanding.Chen@doj.ca.gov>
**Subject:** [EXTERNAL] RE: California v. National Archives and Records Administration, 3:26-cv-11868

Hi Jeremy,

Thank you for the update. We can agree to wait until Tuesday with the understanding that NARA will provide us an answer by then.

Thank you, and have a great weekend.

Carolyn

---

**From:** Chu, Jeremy (USACAN) <Jeremy.Chu@usdoj.gov>
**Sent:** Friday, October 30, 2026 8:42 AM
**To:** Carolyn Downs <Carolyn.Downs@doj.ca.gov>
**Cc:** Matthew Wise <Matthew.Wise@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; Clint Woods <Clint.Woods@doj.ca.gov>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Nanding Chen <Nanding.Chen@doj.ca.gov>
**Subject:** Re: California v. National Archives and Records Administration, 3:26-cv-11868

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Hi Carolyn,

The agency needs a little more time to deliberate and consider a proposal for Plaintiff regarding the alleged transfer of archival records.

What the agency can represent at this time is that they are not currently transferring archival records from the San Bruno facility and will hold off on doing so for now. Again, the agency needs more time to provide further details about the timeline of any transfer.

Would Plaintiff be willing to wait until Tuesday before filing any motion?

Best,
Jeremy

*Nag Young Chu*
*Assistant United States Attorney*
*United States Attorney's Office*
*Northern District of California*
*Tel: (415) 436-7478*
*Jeremy.Chu@usdoj.gov*

---

**From:** Carolyn Downs <Carolyn.Downs@doj.ca.gov>
**Sent:** Thursday, 29 October 2026 12:54:13
**To:** Chu, Jeremy (USACAN) <Jeremy.Chu@usdoj.gov>
**Cc:** Matthew Wise <Matthew.Wise@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; Clint Woods <Clint.Woods@doj.ca.gov>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Nanding Chen <Nanding.Chen@doj.ca.gov>
**Subject:** [EXTERNAL] RE: California v. National Archives and Records Administration, 3:26-cv-11868

Great, thank you.

---

**From:** Chu, Jeremy (USACAN) <Jeremy.Chu@usdoj.gov>
**Sent:** Thursday, October 29, 2026 9:49 AM
**To:** Carolyn Downs <Carolyn.Downs@doj.ca.gov>
**Cc:** Matthew Wise <Matthew.Wise@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; Clint Woods <Clint.Woods@doj.ca.gov>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Nanding Chen <Nanding.Chen@doj.ca.gov>
**Subject:** Re: California v. National Archives and Records Administration, 3:26-cv-11868

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Sorry, that was a typo (I was on the train). I do NOT object to you reaching out.

*Nag Young Chu*
*Assistant United States Attorney*
*United States Attorney's Office*
*Northern District of California*

*Tel: (415) 436-7478*
*Jeremy.Chu@usdoj.gov*

---

**From:** Carolyn Downs <Carolyn.Downs@doj.ca.gov>
**Sent:** Thursday, 29 October 2026 09:38:35
**To:** Chu, Jeremy (USACAN) <Jeremy.Chu@usdoj.gov>
**Cc:** Matthew Wise <Matthew.Wise@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; Clint Woods <Clint.Woods@doj.ca.gov>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Nanding Chen <Nanding.Chen@doj.ca.gov>
**Subject:** [EXTERNAL] RE: California v. National Archives and Records Administration, 3:26-cv-11868

Jeremy,

To confirm, you do have objections to us reaching out?

Thanks,

Carolyn

---

**From:** Chu, Jeremy (USACAN) <Jeremy.Chu@usdoj.gov>
**Sent:** Thursday, October 29, 2026 8:33 AM
**To:** Carolyn Downs <Carolyn.Downs@doj.ca.gov>
**Cc:** Matthew Wise <Matthew.Wise@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; Clint Woods <Clint.Woods@doj.ca.gov>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Nanding Chen <Nanding.Chen@doj.ca.gov>
**Subject:** Re: California v. National Archives and Records Administration, 3:26-cv-11868

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Thanks Carolyn,

I have objections to you reaching out to the CRD.

Best,
Jeremy

*Nag Young Chu*
*Assistant United States Attorney*
*United States Attorney's Office*
*Northern District of California*
*Tel: (415) 436-7478*
*Jeremy.Chu@usdoj.gov*

---

**From:** Carolyn Downs <Carolyn.Downs@doj.ca.gov>
**Sent:** Thursday, 29 October 2026 08:16:57
**To:** Chu, Jeremy (USACAN) <Jeremy.Chu@usdoj.gov>
**Cc:** Matthew Wise <Matthew.Wise@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; Clint Woods <Clint.Woods@doj.ca.gov>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Nanding Chen <Nanding.Chen@doj.ca.gov>
**Subject:** [EXTERNAL] RE: California v. National Archives and Records Administration, 3:26-cv-11868

Good morning Jeremy,

Adding the other members of the California team here. Thank you for getting back to me—we appreciate the agency considering our proposal. We are willing to wait until tomorrow morning for the agency to respond.

In the meantime, just in case we are not able to come to an agreement, do you oppose me reaching out to the Courtroom Deputy, copying you, to see what hearing dates the Court has available? We will not move forward with reserving a hearing date until the agency responds, but we would like to see the Court's availability.

Thank you,

Carolyn

---

**From:** Chu, Jeremy (USACAN) <Jeremy.Chu@usdoj.gov>
**Sent:** Thursday, October 29, 2026 7:22 AM
**To:** Carolyn Downs <Carolyn.Downs@doj.ca.gov>
**Cc:** Matthew Wise <Matthew.Wise@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>
**Subject:** Re: California v. National Archives and Records Administration, 3:26-cv-11868

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Good morning Carolyn,

It was a pleasure speaking with you yesterday. I relayed Plaintiff's position and proposal regarding the motion for preliminary injunction and the alleged transfer of records to my point of contact at the agency, and she told me that she would discuss with the agency and get back to me with a response.

However, she said that she will be unable to provide that response until later this afternoon, Friday morning at the latest, due to her schedule and the discussion required within the

agency. I have also been informed that she will in good faith confer with the agency to consider a mutual agreement regarding any alleged imminent transfer of records from the San Bruno facility.

In light of the above, would you be willing to wait until tomorrow morning until the agency provides a response regarding Plaintiff's proposal?

Please let me know.

Thank you,
Jeremy

*Nag Young Chu*
*Assistant United States Attorney*
*United States Attorney's Office*
*Northern District of California*
*Tel: (415) 436-7478*
*Jeremy.Chu@usdoj.gov*

---

**From:** Carolyn Downs <Carolyn.Downs@doj.ca.gov>
**Sent:** Tuesday, 27 October 2026 18:48:34
**To:** Chu, Jeremy (USACAN) <Jeremy.Chu@usdoj.gov>
**Cc:** Matthew Wise <Matthew.Wise@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>
**Subject:** [EXTERNAL] Re: California v. National Archives and Records Administration, 3:26-cv-11868

Jeremy,

Great, I'll give you a call then.

Thanks,

Carolyn

---

**From:** Chu, Jeremy (USACAN) <Jeremy.Chu@usdoj.gov>
**Sent:** Tuesday, 27 October 2026 17:43:24
**To:** Carolyn Downs <Carolyn.Downs@doj.ca.gov>
**Cc:** Matthew Wise <Matthew.Wise@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>
**Subject:** Re: California v. National Archives and Records Administration, 3:26-cv-11868

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Hi Carolyn,

Thank you for letting me know. I should be free at 10:30am for a call tomorrow. You can reach me at the number on my signature block.

Thank you,
Jeremy

*Nag Young Chu*
*Assistant United States Attorney*
*United States Attorney's Office*
*Northern District of California*
*Tel: (415) 436-7478*
*Jeremy.Chu@usdoj.gov*

**From:** Carolyn Downs <Carolyn.Downs@doj.ca.gov>
**Sent:** Tuesday, 27 October 2026 17:09:43
**To:** Chu, Jeremy (USACAN) <Jeremy.Chu@usdoj.gov>
**Cc:** Matthew Wise <Matthew.Wise@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>
**Subject:** [EXTERNAL] RE: California v. National Archives and Records Administration, 3:26-cv-11868

Hi Jeremy,

Thank you very much for getting in touch. Yes, we intend to file a preliminary injunction as early as this Thursday and Judge Wise's standing order requires that the parties meet and confer to identify a hearing date. Are you available tomorrow between 10-11 am for a quick call to discuss dates and some other matters?

Thank you,

Carolyn

**From:** Chu, Jeremy (USACAN) <Jeremy.Chu@usdoj.gov>
**Sent:** Tuesday, October 27, 2026 3:27 PM
**To:** Carolyn Downs <Carolyn.Downs@doj.ca.gov>
**Cc:** Matthew Wise <Matthew.Wise@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>
**Subject:** California v. National Archives and Records Administration, 3:26-cv-11868

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Good afternoon,

I've recently been assigned this case and was told that you would like to discuss logistics, as well as a motion for preliminary injunction. Please let me know if you have any questions or would like to set up a call to discuss further.

Best,
Jeremy Chu

*Nag Young Chu*
*Assistant United States Attorney*
*United States Attorney's Office*
*Northern District of California*
*Tel: (415) 436-7478*
*Jeremy.Chu@usdoj.gov*

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.